**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI, and GINA NOMELLINI, <br><br> Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO
PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendants GTT Communications, Inc., Richard D. Calder, Jr., Chris McKee, Michael Sicoli and Gina Nomellini ("Defendants"), upon personal knowledge and/or information and belief, answer Plaintiff's Amended Class Action Complaint, dated February 28, 2020 (the "Amended Complaint"), deny they engaged in any misconduct and state as follows:

1. Defendants state that the allegations of Paragraph 1 purport to state characterizations and/or conclusions of law that do not require a response, except admit that GTT's principal executive offices are in McLean, Virginia and that GTT provides a comprehensive portfolio of cloud networking services to large enterprise and carrier clients. To the extent a further response is required, Defendants deny the allegations of Paragraph 1.

2.  Defendants deny the allegations of Paragraph 2, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Counsel's investigation.

3.  Defendants deny the allegations of Paragraph 3, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Counsel's investigation.

4.  Defendants deny the allegations of Paragraph 4, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum and an August 3, 2018 GTT earnings call, which Defendants refer to for their contents.  Defendants further admit that GTT has successfully completed numerous acquisitions.

5.  Defendants deny the allegations of Paragraph 5, except admit that GTT announced the acquisition of Interoute on February 26, 2018 and refer to the press release concerning that acquisition for its contents.

6.  Defendants deny the allegations of Paragraph 6, except state that the paragraph appears to contain selectively quoted statements from a February 26, 2018 *Bloomberg Markets: European Close* interview with Richard Calder, a March 1, 2018 GTT earnings call, a March 2, 2018 *LightReading* article quoting Richard Calder, "Calder: GTT+Interoute Ready to Rumble", a June 12, 2018 William Blair Growth Stock Conference, a December 4, 2018 UBS Global Media and Communications Conference and an April 29, 2019 *The Wall Street Transcript* article quoting Richard Calder, which Defendants refer to for their contents.

7.  Defendants deny the allegations of Paragraph 7, except state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, a June 12, 2018 William Blair Growth Stock Conference, an

October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing" and a May 2, 2019 *Bloomberg Surveillance* interview, which Defendants refer to for their contents.

8. Defendants deny the allegations of Paragraph 8, except refer to the public record for the price of GTT common stock during the relevant period. Defendants further state that they are without knowledge or information sufficient to form a belief as to the unattributed statements referred to in the second sentence of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported confidential witnesses ("CWs") accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call and an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, which Defendants refer to for their contents.

10. Defendants deny the allegations of Paragraph 10, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for its contents.

11. Defendants deny the allegations of Paragraph 11, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from

an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for its contents.

12. Defendants deny the allegations of Paragraph 12, except state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder, a May 8, 2019 GTT earnings call, a June 12, 2018 William Blair Growth Stock Conference and an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Defendants refer to for their contents.

13. Defendants deny the allegations of Paragraph 13, except refer to the public record for the price of GTT common stock during the relevant period. Defendants further state that they are without knowledge or information sufficient to form a belief as to the unattributed statements referred to in the second sentence of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call and an August 8, 2019 GTT earnings call, which Defendants refer to for their contents. Defendants further state that they are without knowledge or information sufficient to form a belief as to the unattributed statements referred to in the third sentence of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15, except refer to the public record for the price of GTT common stock during the relevant period.

16. Defendants state that the allegations of Paragraph 16 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 16.

17. Defendants state that the allegations of Paragraph 17 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 17.

18. Defendants state that the allegations of Paragraph 18 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 18.

19. Defendants state that the allegations of Paragraph 19 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 19, except admit that GTT's principal executive offices are located at 7900 Tysons One Place, Suite 1450, McLean, Virginia 22102.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants state that the allegations of Paragraph 21 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 21, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purchase of GTT common stock.

22. Defendants admit the allegations of Paragraph 22.

23. Defendants state that the allegations of Paragraph 23 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 23, except admit that Richard Calder served as the President and CEO of GTT from May 14, 2007 to June 1, 2020 and serves as a Director on GTT's Board. Defendants refer to Defendant Calder's statements during earnings calls, investor conferences and in press releases and news articles for their contents.

24. Defendants state that the allegations of Paragraph 24 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a

5

response.  To the extent a response is required, Defendants deny the allegations of Paragraph 24, except admit that Chris McKee joined GTT in 2008 where he serves as General Counsel, Executive Vice President, Corporate Development and Corporate Secretary for GTT's Board. Defendants refer to Defendant McKee's statements during investor conferences for their contents.

25.  Defendants state that the allegations of Paragraph 25 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 25, except admit that Michael Sicoli served as GTT's Chief Financial Officer from 2015 through September 30, 2019.  Defendants refer to Defendant Sicoli's statements during earnings calls and investor conferences for their contents.

26.  Defendants state that the allegations of Paragraph 26 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 26, except admit that Gina Nomellini served as GTT's Chief Marketing Officer from 2015 through the fall of 2019.  Defendants refer to Defendant Nomellini's statements during industry and investor interviews for their contents.

27.  Defendants state that the allegations of Paragraph 27 purport to state characterizations which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.  Defendants state that the allegations of Paragraph 28 purport to state characterizations which do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations of Paragraph 29, except admit that the Individual Defendants were officers and/or directors of GTT at certain points during the Class Period.

30. Defendants state that the allegations of Paragraph 30 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31, except state that the allegations of Paragraph 31 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 31.

32. Defendants state that the allegations of Paragraph 32 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33, except refer to GTT's Form 10-K filed on February 27, 2018 for its contents.

34. Defendants deny the allegations of Paragraph 34, except refer to GTT's Form 10-K filed on February 27, 2018 for its contents. Defendants further state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum and a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for their contents.

35. Defendants deny the allegations of Paragraph 35, except state that the paragraph appears to contain selectively quoted statements from an August 7, 2018 Oppenheimer

Technology, Internet & Communications Conference and a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for their contents.

36.    Defendants deny the allegations of Paragraph 36, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

37.    Defendants deny the allegations of Paragraph 37, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing" and a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for their contents.

38.    Defendants deny the allegations of Paragraph 38, except state that GTT announced the acquisition of Interoute on February 26, 2018 and refer to the press release concerning the acquisition for its contents.

39.    Defendants deny the allegations of Paragraph 39 and the accompanying chart, except state that, at the time, Interoute was GTT's largest acquisition to date.

40.    Defendants deny the allegations of Paragraph 40.

41.    Defendants deny the allegations of Paragraph 41, except state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, which Defendants refer to for its contents.

42.    Defendants deny the allegations of Paragraph 42, except state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings

8

call, a May 3, 2018 GTT earnings call and an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Defendants refer to for their contents.

43. Defendants deny the allegations of Paragraph 43, except state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, which Defendants refer to for their contents.

44. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except refer to the analyst reports referred to in the paragraph for their contents.

45. Defendants deny the allegations of Paragraph 45, except state that the Interoute acquisition closed on May 31, 2018, and state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing" and a November 8, 2018 GTT earnings call, which Defendants refer to for their contents.

46. Defendants deny the allegations of Paragraph 46, except state that the paragraph appears to contain selectively quoted statements from a June 12, 2018 William Blair Growth Stock Conference, which Defendants refer to for its contents.

47. Defendants deny the allegations of Paragraph 47, except state that the paragraph appears to contain selectively quoted statements from a June 12, 2018 William Blair Growth Stock Conference, which Defendants refer to for its contents.

48. Defendants deny the allegations of Paragraph 48, except state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, which Defendants refer to for its contents.

49.  Defendants deny the allegations of Paragraph 49, except state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, which Defendants refer to for its contents.

50.  Defendants deny the allegations of Paragraph 50, except state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call, which Defendants refer to for its contents.

51.  Defendants deny the allegations of Paragraph 51, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

52.  Defendants deny the allegations of Paragraph 52, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

53.  Defendants deny the allegations of Paragraph 53, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

54.  Defendants deny the allegations of Paragraph 54, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

55.  Defendants deny the allegations of Paragraph 55, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference and a February 28, 2018 GTT earnings call, which Defendants refer to for their contents.

56.  Defendants deny the allegations of Paragraph 56, except state that the paragraph appears to contain selectively quoted statements from a February 28, 2018 GTT earnings call, which Defendants refer to for its contents.

57.  Defendants deny the allegations of Paragraph 57, except state that the paragraph appears to contain selectively quoted statements from an April 29, 2019 *The Wall Street Transcript* article quoting Richard Calder, which Defendants refer to for its contents.

58.  Defendants deny the allegations of Paragraph 58, except state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder, which Defendants refer to for its contents.

59.  Defendants deny the allegations of Paragraph 59, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former employees accurately reflect statements made by those former employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, an August 3, 2018 GTT earnings call, an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", a December 4, 2018 UBS Global Media and Communications Conference and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

60.  Defendants deny the allegations of Paragraph 60, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former employees accurately reflect statements made by those former employees.

61.  Defendants deny the allegations of Paragraph 61, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

11

Defendants further state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder and an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for their contents.

62. Defendants deny the allegations of Paragraph 62 and footnote 1, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call and an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, which Defendants refer to for their contents.

63. Defendants deny the allegations of Paragraph 63, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

64. Defendants deny the allegations of Paragraph 64, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, which Defendants refer to for its contents.

65. Defendants deny the allegations of Paragraph 65, except state that they are without knowledge or information sufficient to form a belief as to allegations concerning unidentified purported CWs.

66. Defendants deny the allegations of Paragraph 66, except state that they are without knowledge or information sufficient to form a belief as to allegations concerning unidentified purported CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", a May 31, 2018 Cowen Technology, Media & Telecom Conference and an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Defendants refer to for their contents.

67. Defendants deny the allegations of Paragraph 67, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

68. Defendants deny the allegations of Paragraph 68, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

69. Defendants deny the allegations of Paragraph 69, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

70. Defendants deny the allegations of Paragraph 70, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

71. Defendants deny the allegations of Paragraph 71, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

72. Defendants deny the allegations of Paragraph 72, except state that they are without knowledge or information sufficient to form a belief as to whether the statements

13

attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, which Defendants refer to for its contents.

73.    Defendants deny the allegations of Paragraph 73, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

74.    Defendants deny the allegations of Paragraph 74, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

75.    Defendants deny the allegations of Paragraph 75, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

76.    Defendants deny the allegations of Paragraph 76, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

77.    Defendants deny the allegations of Paragraph 77, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

78.    Defendants deny the allegations of Paragraph 78, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

79.    Defendants deny the allegations of Paragraph 79, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

80. Defendants deny the allegations of Paragraph 80, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

81. Defendants deny the allegations of Paragraph 81, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

82. Defendants deny the allegations of Paragraph 82, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

83. Defendants deny the allegations of Paragraph 83, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

84. Defendants deny the allegations of Paragraph 84, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call and a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for their contents.

85. Defendants deny the allegations of Paragraph 85, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

86. Defendants deny the allegations of Paragraph 86, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

87. Defendants deny the allegations of Paragraph 87, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

88. Defendants deny the allegations of Paragraph 88, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

89. Defendants deny the allegations of Paragraph 89, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

90. Defendants deny the allegations of Paragraph 90, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

91. Defendants deny the allegations of Paragraph 91, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

92. Defendants deny the allegations of Paragraph 92, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

93. Defendants deny the allegations of Paragraph 93, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

94. Defendants deny the allegations of Paragraph 94, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

95.  Defendants deny the allegations of Paragraph 95, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

96.  Defendants deny the allegations of Paragraph 96, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

97.  Defendants deny the allegations of Paragraph 97, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

98.  Defendants deny the allegations of Paragraph 98, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

99.  Defendants deny the allegations of Paragraph 99, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

100.  Defendants deny the allegations of Paragraph 100, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call, which Defendants refer to for its contents.

101.  Defendants deny the allegations of Paragraph 101, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

102.  Defendants deny the allegations of Paragraph 102, except state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

103.  Defendants deny the allegations of Paragraph 103, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

104.  Defendants deny the allegations of Paragraph 104, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

105.  Defendants deny the allegations of Paragraph 105, except state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

106.  Defendants deny the allegations of Paragraph 106, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

107.  Defendants deny the allegations of Paragraph 107, except refer to the public record for the price of GTT common stock during the relevant period.

108.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, except refer to the analyst reports referred to in the paragraph for their contents.

109.  Defendants deny the allegations of Paragraph 109, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

110.  Defendants deny the allegations of Paragraph 110, except state that the paragraph appears to contain selectively quoted statements from a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for its contents.

111.  Defendants deny the allegations of Paragraph 111, except state that the paragraph appears to contain selectively quoted statements from a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

112.  Defendants deny the allegations of Paragraph 112, except state that the paragraph appears to contain selectively quoted statements from an August 8, 2019 GTT earnings call, which Defendants refer to for its contents.

113.  Defendants deny the allegations of Paragraph 113, except state that the paragraph appears to contain selectively quoted statements from an August 8, 2019 GTT earnings call, which Defendants refer to for its contents.

114.  Defendants deny the allegations of Paragraph 114, except refer to the public record for the price of GTT common stock during the relevant period.

115.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, except refer to the analyst reports referred to in the paragraph for their contents.

116.  Defendants deny the allegations of Paragraph 116, except refer to the public record for the price of GTT common stock during the relevant period.

117.  Defendants deny the allegations of Paragraph 117.

118.  Defendants deny the allegations of Paragraph 118, except state that on August 27, 2019, GTT issued a press release announcing Defendant Sicoli's departure, which Defendants refer to for its contents.  Defendants further state that the paragraph appears to contain selectively quoted statements from an August 27, 2019 BWS Financial Inc. report, which Defendants refer to for its contents.

119.  Defendants deny the allegations of Paragraph 119, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that Nomellini left GTT in the fall of 2019.

120.  Defendants deny the allegations of Paragraph 120, except state that the paragraph appears to contain selectively quoted statements from a November 12, 2019 GTT earnings call, which Defendants refer to for its contents.

121.  Defendants state that the allegations of Paragraph 121 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 121.

122.  Defendants deny the allegations of Paragraph 122.

123.  Defendants deny the allegations of Paragraph 123, except state that the paragraph appears to contain selectively quoted statements from a press release GTT issued on February 26, 2018, which Defendants refer to for its contents.

124.  Defendants deny the allegations of Paragraph 124 and footnote 2, except state that the paragraph appears to contain selectively quoted statements from a February 26, 2018 *Bloomberg Markets: European Close* interview with Richard Calder, which Defendants refer to for its contents.

125.  Defendants deny the allegations of Paragraph 125 and footnote 3, except state that the paragraph appears to contain selectively quoted statements from a February 26, 2018 *Channel Partners* article entitled, "GTT's $2.3 Billion Interoute Buy to Boost SD-WAN", which Defendants refer to for its contents.

126.  Defendants deny the allegations of Paragraph 126, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a February 26, 2018 *Bloomberg Markets: European Close* interview with Richard Calder and February 26, 2018 *Channel Partners* article entitled, "GTT's $2.3 Billion Interoute Buy to Boost SD-WAN", a May 8, 2019 GTT earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

127.  Defendants deny the allegations of Paragraph 127, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain a selectively quoted statement from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", which Defendants refer to for its contents.

128.  Defendants deny the allegations of Paragraph 128, except state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, which Defendants refer to for its contents.

21

129.  Defendants deny the allegations of Paragraph 129, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT or Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, an April 29, 2019 *The Wall Street Transcript* article quoting Richard Calder and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

130.  Defendants deny the allegations of Paragraph 130, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former employees accurately reflect statements made by those former employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", which Defendants refer to for its contents.

131.  Defendants deny the allegations of Paragraph 131 and footnote 4, except state that the paragraph appears to contain selectively quoted statements from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", which Defendants refer to for its contents.

132.  Defendants deny the allegations of Paragraph 132, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", a May 8, 2019 GTT

22

earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

133. Defendants deny the allegations of Paragraph 133, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants further state that the paragraph appears to contain a selectively quoted statement from a March 2, 2018 *LightReading* article entitled, "Calder: GTT+Interoute Ready to Rumble", which Defendants refer to for its contents.

134. Defendants deny the allegations of Paragraph 134, except state that the paragraph appears to contain selectively quoted statements from a May 3, 2018 GTT earnings call, which Defendants refer to for its contents.

135. Defendants deny the allegations of Paragraph 135, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from a May 3, 2018 GTT earnings call, a June 4, 2019 Credit Suisse Communications Conference, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

136. Defendants deny the allegations of Paragraph 136, except state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, which Defendants refer to for its contents.

23

137. Defendants deny the allegations of Paragraph 137, except state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, which Defendants refer to for its contents.

138. Defendants deny the allegations of Paragraph 138, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, a May 8, 2019 GTT earnings call and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

139. Defendants deny the allegations of Paragraph 139, except state that the paragraph appears to contain selectively quoted statements from a June 12, 2018 William Blair Growth Stock Conference, which Defendants refer to for its contents.

140. Defendants deny the allegations of Paragraph 140, except state that the paragraph appears to contain selectively quoted statements from a June 12, 2018 William Blair Growth Stock Conference, which Defendants refer to for its contents.

141. Defendants deny the allegations of Paragraph 141, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants state that the paragraph appears to contain selectively quoted statements from a June 12, 2018 William Blair Growth Stock Conference, which Defendants refer to for its contents. Defendants further state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT

24

earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

142.  Defendants deny the allegations of Paragraph 142, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain a selectively quoted statement from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

143.  Defendants deny the allegations of Paragraph 143, except state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, which Defendants refer to for its contents.

144.  Defendants deny the allegations of Paragraph 144, except state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, which Defendants refer to for its contents.

145.  Defendants deny the allegations of Paragraph 145, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs or purported former GTT and Interoute employees accurately reflect statements made by those CWs or former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

146.  Defendants deny the allegations of Paragraph 146, except state that the paragraph appears to contain selectively quoted statements from an August 3, 2018 GTT earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications

25

Conference, a May 8, 2019 GTT earnings call and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

147.   Defendants deny the allegations of Paragraph 147, except state that the paragraph appears to contain selectively quoted statements from an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, which Defendants refer to for its contents.

148.   Defendants deny the allegations of Paragraph 148, except state that the paragraph appears to contain selectively quoted statements from an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Defendants refer to for its contents.

149.   Defendants deny the allegations of Paragraph 149, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a March 1, 2018 GTT earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, a May 8, 2018 GTT earnings call and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

150.   Defendants deny the allegations of Paragraph 150, except state that the paragraph appears to contain a selectively quoted statement from an August 13, 2018 KeyBanc Capital Markets Technology Leadership Forum, which Defendants refer to for its contents.

151.   Defendants deny the allegations of Paragraph 151, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs or purported former GTT and Interoute employees accurately reflect statements made by those CWs or former GTT and Interoute employees.

26

Defendants further state that the paragraph appears to contain selectively quoted statements from an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference, which Defendants refer to for its contents.

152. Defendants deny the allegations of Paragraph 152 and footnote 5, except state that the paragraph appears to contain selectively quoted statements from an October 23, 2018 Capacity Europe 2018 Conference, which Defendants refer to for its contents.

153. Defendants deny the allegations of Paragraph 153 and footnote 6, except state that the paragraph appears to contain selectively quoted statements from an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for its contents.

154. Defendants deny the allegations of Paragraph 154, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs or purported former employees of GTT and Interoute accurately reflect statements made by those CWs or former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from an October 23, 2018 Capacity Europe 2018 Conference and an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for their contents.

155. Defendants deny the allegations of Paragraph 155, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from an October 23, 2018 Capacity Europe 2018 Conference and an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for their contents.

27

156. Defendants deny the allegations of Paragraph 156, except state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call, which Defendants refer to for its contents.

157. Defendants deny the allegations of Paragraph 157, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call, which Defendants refer to for its contents.

158. Defendants deny the allegations of Paragraph 158, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a November 8, 2018 GTT earnings call, which Defendants refer to for its contents.

159. Defendants deny the allegations of Paragraph 159, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

160. Defendants deny the allegations of Paragraph 160, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

161. Defendants deny the allegations of Paragraph 161, except state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

162. Defendants deny the allegations of Paragraph 162, except state that they are without knowledge or information sufficient to form a belief as to whether the statements

attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference, which Defendants refer to for its contents.

163.  Defendants deny the allegations of Paragraph 163, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a December 4, 2018 UBS Global Media and Communications Conference and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

164.  Defendants deny the allegations of Paragraph 164, except state that the paragraph appears to contain selectively quoted statements from a February 28, 2018 GTT earnings call, which Defendants refer to for its contents.

165.  Defendants deny the allegations of Paragraph 165, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees.  Defendants further state that the paragraph appears to contain selectively quoted statements from a February 28, 2018 GTT earnings call, which Defendants refer to for its contents.

166.  Defendants deny the allegations of Paragraph 166 and footnote 7, except state that the paragraph appears to contain selectively quoted statements from a company interview quoting Defendant Calder that was published in *The Wall Street Transcript* on April 29, 2019, which Defendants refer to for its contents.

167. Defendants deny the allegations of Paragraph 167, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported former GTT and Interoute employees accurately reflect statements made by those former GTT and Interoute employees. Defendants further state that the paragraph appears to contain selectively quoted statements from a company interview quoting Defendant Calder that was published in *The Wall Street Transcript* on April 29, 2019, a May 8, 2019 GTT earnings call, an August 7, 2018 Oppenheimer Technology, Internet & Communications Conference and a June 4, 2019 Credit Suisse Communications Conference, which Defendants refer to for their contents.

168. Defendants deny the allegations of Paragraph 168, except state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder, which Defendants refer to for its contents.

169. Defendants deny the allegations of Paragraph 169, except state that the paragraph appears to contain selectively quoted statements from a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder, which Defendants refer to for its contents.

170. Defendants deny the allegations of Paragraph 170, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

171. Defendants deny the allegations of Paragraph 171, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

172. Defendants deny the allegations of Paragraph 172, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

173. Defendants deny the allegations of Paragraph 173, except state that the paragraph appears to contain selectively quoted statements from a May 30, 2019 Cowen Technology, Media & Telecom Conference, which Defendants refer to for its contents.

174. Defendants deny the allegations of Paragraph 174, except state that the paragraph appears to contain selectively quoted statements from a May 30, 2019 Cowen Technology, Media & Telecom Conference, which Defendants refer to for its contents.

175. Defendants state that the allegations of Paragraph 175 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 175.

176. Defendants state that the allegations of Paragraph 176 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 176.

177. Defendants deny the allegations of Paragraph 177, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, a June 12, 2018 William Blair Growth Stock Conference and an August 7, 2018 Oppenheimer Technology Internet & Communications Conference, which Defendants refer to for their contents.

178. Defendants deny the allegations of Paragraph 178, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

179. Defendants deny the allegations of Paragraph 179, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

180. Defendants deny the allegations of Paragraph 180, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs. Defendants further state that the paragraph appears to contain selectively quoted statements from an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", which Defendants refer to for its contents.

181. Defendants deny the allegations of Paragraph 181, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

182. Defendants deny the allegations of Paragraph 182, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

183. Defendants deny the allegations of Paragraph 183, except state that they are without knowledge or information sufficient to form a belief as to whether the statements attributed to unidentified purported CWs accurately reflect statements made by those CWs.

184. Defendants deny the allegations of Paragraph 184, except state that the paragraph appears to contain selectively quoted statements from an October 24, 2018 *Capacity* article entitled, "GTT just keeps on growing", and a May 2, 2019 *Bloomberg Surveillance* interview with Richard Calder, which Defendants refer to for their contents.

185. Defendants deny the allegations of Paragraph 185, except state that the paragraph appears to contain selectively quoted statements from an October 24, 2018 *Capacity*

article entitled, "GTT just keeps on growing", a November 8, 2018 GTT earnings call, a December 4, 2018 UBS Global Media and Communications Conference and a May 8, 2019 GTT earnings call, which Defendants refer to for their contents.

186. Defendants deny the allegations of Paragraph 186, except state that Interoute was GTT's largest acquisition to date and further state that the paragraph appears to contain selectively quoted statements from a May 31, 2018 Cowen Technology, Media & Telecom Conference, which Defendants refer to for its contents.

187. Defendants state that the allegations of Paragraph 187 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 187, except state that Defendant Sicoli left GTT on August 27, 2019 and Defendant Nomellini left GTT in the fall of 2019.

188. Defendants state that the allegations of Paragraph 188 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 188, except admit that shares of GTT's publicly traded common stock were traded on the NYSE.

189. Defendants state that the allegations of Paragraph 189 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 189.

190. Defendants deny the allegations of Paragraph 190, except refer to the public record for the price of GTT common stock during the relevant period.

191. Defendants deny the allegations of Paragraph 191, except state that the paragraph appears to contain selectively quoted statements from a May 8, 2019 GTT earnings call, which Defendants refer to for its contents.

192.  Defendants deny the allegations of Paragraph 192, except refer to the public record for the price of GTT common stock during the relevant period.

193.  Defendants deny the allegations of Paragraph 193, except state that the paragraph appears to contain selectively quoted statements from a report Craig-Hallum issued on June 24, 2019 and refer to that report for its contents.  Defendants further state that they refer to the public record for the price of GTT common stock during the relevant period.

194.  Defendants deny the allegations of Paragraph 194, except state that the paragraph appears to contain selectively quoted statements from an August 8, 2019 GTT earnings call, which Defendants refer to for its contents.  Defendants further state that they refer to the public record for the price of GTT common stock during the relevant period.

195.  Defendants deny the allegations of Paragraph 195, except refer to the public record for the price of GTT common stock during the relevant period.

196.  Defendants deny the allegations of Paragraph 196.

197.  Defendants state that the allegations of Paragraph 197 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 197, except admit that Plaintiff purports to bring this action under Federal Rule of Civil Procedure 23.

198.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge and beliefs.  Defendants further state that the allegations of Paragraph 198 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 198, except refer to GTT's 10-Q for the period ended June 30, 2019 for the number of shares of GTT common stock outstanding as of August 6, 2019.

199. Defendants state that the allegations of Paragraph 199 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 199.

200. Defendants state that the allegations of Paragraph 200 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 200.

201. Defendants state that the allegations of Paragraph 201 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 201.

202. Defendants state that the allegations of Paragraph 202 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 202.

203. Defendants state that the allegations of Paragraph 203 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 203, except admit that, during the Class Period, GTT's stock was listed on the NYSE and GTT filed certain reports with the SEC.

204. Defendants state that the allegations of Paragraph 204 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 204.

205. Defendants state that the allegations of Paragraph 205 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 205.

206.  Defendants state that the allegations of Paragraph 206 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 206.

207.  Defendants state that the allegations of Paragraph 207 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 207.

208.  Defendants state that the allegations of Paragraph 208 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 208.

209.  Defendants incorporate by reference their answers to every paragraph above.

210.  Defendants state that the allegations of Paragraph 210 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 210.

211.  Defendants state that the allegations of Paragraph 211 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 211.

212.  Defendants state that the allegations of Paragraph 212 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 212.

213.  Defendants state that the allegations of Paragraph 213 purport to state characterizations and/or conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations of Paragraph 213.

214. Defendants state that the allegations of Paragraph 214 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 214.

215. Defendants state that the allegations of Paragraph 215 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 215.

216. Defendants state that the allegations of Paragraph 216 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 216.

217. Defendants state that the allegations of Paragraph 217 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 217.

218. Defendants incorporate by reference their answers to every paragraph above.

219. Defendants state that the allegations of Paragraph 219 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 219.

220. Defendants state that the allegations of Paragraph 220 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 220.

221. Defendants state that the allegations of Paragraph 221 purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 221, except state that certain

of the Defendants were senior officers of GTT and signed SEC filings on behalf of GTT at certain times.

222. Defendants state that the allegations of Paragraph 222 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 222.

223. Defendants state that the allegations of Paragraph 223 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 223.

224. Defendants state that the allegations of Paragraph 224 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 224.

225. Defendants deny that Plaintiff is entitled to any of the relief sought in its Prayer for Relief in Paragraph 225.

226. Defendants state that the allegations of Paragraph 226 of the Amended Complaint purport to state characterizations and/or conclusions of law that do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 226.

Defendants deny each and every allegation of Plaintiffs' Complaint not otherwise responded to above, including but not limited to allegations appearing in headings.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses.  Except where expressly noted, each defense is asserted by each of the Defendants.  In asserting these defenses, Defendants do not assume the burden of establishing any fact or proposition where that burden properly is imposed on Plaintiff.  Defendants expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

<u>First Defense</u>

1.  The Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

2.  The Amended Complaint fails to plead adequately any of the alleged underlying conduct which Plaintiff claims gives rise to liability under the securities laws.

<u>Third Defense</u>

3.  The Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiff complains.

<u>Fourth Defense</u>

4.  The Amended Complaint fails to state with particularity facts that give rise to a strong inference of scienter, as required by Federal Rule of Civil Procedure 9(b) and 15 U.S.C. § 78u-4(b)(2)-(3).

39

### Fifth Defense

5. Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact.

### Sixth Defense

6. Defendants are not liable because any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by Defendants were not material to the investment decisions of Plaintiff.

### Seventh Defense

7. Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

### Eighth Defense

8. Defendants are not liable because certain alleged misstatements about which Plaintiff complains concern nonactionable matters of opinion, or are puffery or soft information, rather than matters of material fact.

### Ninth Defense

9. Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Amended Complaint (and Defendants deny there was any), Plaintiff knew or should have known of such untruth or omission.

### Tenth Defense

10. Defendants are not liable because some or all of the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were disclosed

40

publicly or were in the public domain and, as such, were available to Plaintiff and were at all times reflected in the market price of GTT securities.

## Eleventh Defense

11.  Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

## Twelfth Defense

12.  Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Amended Complaint.

## Thirteenth Defense

13.  Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Amended Complaint did not affect the market price of GTT securities.

## Fourteenth Defense

14.  Defendants are not liable because Plaintiff has not pleaded the required connection between the challenged statements and the alleged loss, and any losses suffered by Plaintiff were not causally related to the misstatements alleged by Plaintiff.

## Fifteenth Defense

15.  Plaintiff's claims are barred because Plaintiff did not rely or could not reasonably or justifiably have relied on any of the statements or omissions alleged in the Amended Complaint in deciding to purchase GTT securities.

### Sixteenth Defense

16.  Plaintiff's claims are barred because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants have no control or through acts or omissions by Plaintiff.

### Seventeenth Defense

17.  Defendants are not liable because to the extent that Plaintiff has been damaged, if at all, its failure to mitigate its damages bars recovery.

### Eighteenth Defense

18.  Defendants are not liable because Plaintiff's losses, if any, should be reduced, diminished and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

### Nineteenth Defense

19.  To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains.

### Twentieth Defense

20.  The Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

### Twenty-first Defense

21.  Plaintiff's claims are barred because each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and

did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### Twenty-second Defense

22. The Individual Defendants were not "controlling persons" of GTT within the meaning of Section 20 of the Securities Exchange Act of 1934.

### Twenty-third Defense

23. Defendants are not liable because Plaintiff does not have standing.

### Twenty-fourth Defense

24. This action may not properly be maintained as a class action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

(1)   Dismissing the entire action with prejudice;

(2)   Granting Defendants their reasonable costs, expenses and reasonable attorneys' fees incurred in defending this action plus interest on any sums awarded thereunder; and

(3)   Awarding Defendants such other, further and different relief as the Court deems just and proper.

Defendants demand trial by jury.

Dated:  July 16, 2020

GTT COMMUNICATIONS, INC.,
RICHARD D. CALDER, JR.,
CHRIS MCKEE,
MICHAEL SICOLI and
GINA NOMELLINI


By:  /s/
_____
      Of Counsel

43

Dabney J. Carr, IV, VSB No. 28679
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Tel.: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com

J. Wesley Earnhardt
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel.: (212) 474-1000
wearnhardt@cravath.com

*Counsel for Defendants GTT
Communications, Inc., Richard D. Calder,
Jr., Chris McKee, Michael Sicoli and Gina
Nomellini*