UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>              v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI and GINA NOMELLINI,<br><br>                      Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

JOINT MOTION TO FILE THE SECOND AMENDED COMPLAINT
AND AMEND THE CASE SCHEDULE

Lead Plaintiff City of Atlanta Police Pension Fund and City of Atlanta Firefighters' Pension Fund ("Lead Plaintiff") and Defendants GTT Communications, Inc. ("GTT"), Richard D. Calder, Jr., Chris McKee, Michael Sicoli, and Gina Nomellini (collectively, "Defendants", and together with Lead Plaintiff, the "Parties"), jointly move (i) for entry of the attached Proposed Order regarding the filing of the attached Second Amended Class Action Complaint ("SAC"); and (ii) amendment of the case schedule set out in the Rule 16(b) Scheduling Order (the "Scheduling Order", ECF No. 60), pursuant to the automatic stay of discovery provision in the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B).  In support of their Joint Motion, the Parties state as follows:

1.     On July 22, 2020, the Court entered the Scheduling Order, adopting in substantial part the deadlines set forth in the Parties' Joint Rule 26(f) Proposed Discovery Plan filed with the Court on July 15, 2020 (ECF No. 55).  The Scheduling Order provides, in pertinent

part, that "[a]ny motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion." The Scheduling Order further provides that all fact and expert discovery shall close on November 13, 2020, and the final pretrial conference shall be held on November 19, 2020 at 10:00 a.m., among other deadlines.

2.    On August 10, 2020, GTT filed a Form 8-K with the SEC, as well as a notification of a late filing on Form 12b-25 (together, the "August 10, 2020 Form 8-K"), which announced that GTT was unable to timely file its Form 10-Q for the second quarter of 2020, that "the Company identified certain issues related to the recording and reporting of Cost of Telecommunications services and related internal controls," and that the Company was conducting a review of these issues and assessing the effect, if any, on GTT's financial statements, as well as whether there are any material weaknesses in GTT's internal controls.

3.    On September 15, 2020, GTT filed a Form 8-K with the SEC (the "September 15, 2020 Form 8-K") disclosing, among other things, that it had (i) "identified a number of issues in connection with the Company's previously issued financial statements, including" certain "adjustments made without adequate support" that had "the effect of removing expenses from the Company's income statement at quarter-end and then recognizing certain of those expenses in subsequent quarters," as well as other failures "to recognize certain expenses on the Company's income statement by recording such expenses to goodwill," "without adequate support, for companies that had been acquired"; (ii) identified issues related to the Company's internal control over financial reporting; and (iii) terminated Daniel M. Fraser, GTT's Senior Vice president and Corporate Controller, who was also the principal accounting officer of the Company. These issues are the subject of the new allegations in the SAC.

4.      Lead Plaintiff contends that the August 10, 2020 Form 8-K and September 15, 2020 Form 8-K contain new information that confirms their allegations in this case:  that Defendants falsely claimed that the Company's integration of Interoute was a resounding success during the Class Period.  Lead Plaintiff contends that information in these recent SEC filings shows that GTT engaged in fraudulent accounting manipulations during the Class Period to further conceal from investors the failure of the Interoute integration and its highly material impact on the Company's financial performance.  Lead Plaintiff contends that these manipulations were clear violations of GAAP made by the Company's senior officers, and that they caused new alleged materially false and misleading statements to be made in GTT's SEC filings and financial statements issued throughout the Class Period.  As a result, Lead Plaintiff seeks to amend the operative Amended Class Action Complaint to file the SAC to add new accounting allegations.  The SAC, however, does not seek to modify the certified Class Period, or to add new parties or claims.  For ease of reference, the new allegations are set forth in paragraphs 16-20, 27 and 29 (new introductory paragraphs and modifications to the descriptions of Defendants Calder and Sicoli in Section IV) and Section X (accounting fraud section).

5.      Lead Plaintiff contends that it is entitled to amend its complaint and file the SAC under the Fourth Circuit's standards, which "liberally allow amendment."[1]  *Galustian v.*

---

[1] Because the Scheduling Order does not specify a deadline by when the Parties must move to amend the pleadings, the Parties agree that Lead Plaintiff's amendment is governed by Rule 15—which allows for amendment with Defendants' consent. However, even if the Court were to determine that the Rule 16 "good cause" standard should apply, Lead Plaintiff's amendment should be allowed because Plaintiff diligently investigated the allegations and drafted the SAC immediately after learning of the new information forming the basis of the SAC on September 15, 2020, when GTT filed the Form 8-K regarding the accounting review. *In re Lone Star Industries, Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429, at *11 (4th Cir. Apr. 7, 1994) (stating that "good cause" exists where "plaintiff uncovered previously unknown facts," and finding that it was shown where even "*some* of the evidence needed by Lone Star to prove its

*Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Lead Plaintiff contends that Defendants will not be unduly prejudiced by the amendment and that it is seeking to amend in good faith, based on information recently revealed in the September 15, 2020 Form 8-K and a diligent investigation of documents that Defendants produced in discovery.

6. Defendants dispute all of the accounting allegations that Lead Plaintiff intends to add, which Defendants contend fail to state any claim upon which relief could be granted. In the interest of efficiency for the Court and the Parties, Defendants have consented to Lead Plaintiff's request to file the SAC so that Defendants can promptly bring a motion to dismiss Lead Plaintiff's new accounting allegations directly, without requiring the Parties to first engage in additional briefing regarding permission to amend.

7. Defendants intend to move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6), the PSLRA, 15 U.S.C. § 78u-4, and Fed. R. Civ. P. 9(b). Because Defendants have indicated that they intend to move to dismiss the SAC, the Parties agree that this action will become subject to the automatic stay of discovery pursuant to the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), which provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."

8. Courts in this District and Circuit have recognized that the PSLRA automatic stay applies when a party intends to move to dismiss an amended complaint, even if claims survived earlier motions to dismiss. *See In re Computer Scis. Corp. Sec. Litig.*, 890 F. Supp. 2d 650, 671 (E.D. Va. 2012) ("maintain[ing] the stay of discovery until the sufficiency of the second amended complaint has been decided"); *In re Carnegie Int'l Corp. Sec. Litig.*, 107

---

new Chapter 93A claim did not surface until after the amendment deadline") (emphasis in original).

F. Supp. 2d 676, 681 (D. Md. 2000) ("well reasoned decisions have held the automatic stay provision of the Act is triggered by the mere indication by defense of its intention to file a motion to dismiss").

9. Courts across the country agree. *See, e.g.*, *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, *2 (S.D.N.Y. Apr. 25, 2012) ("By its plain language, the PSLRA discovery stay provision applies broadly 'during the pendency of any motion to dismiss[.]' 15 U.S.C. § 78u–4(b)(3)(B). . . . In view of the PSLRA's expansive language, 'the weight of authority' holds that discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed." (citation omitted)); *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) ("15 U.S.C. § 78u4(b)(3)(B) is unambiguous and requires that discovery be stayed when any motion to dismiss is pending"); *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 (S.D.N.Y. Oct. 14, 2005) ("The Court recognizes that substantial portions of the Complaint have been determined to be legally sufficient. . . . Nevertheless, in the absence of some compelling need, the PSLRA requires that the sufficiency of all claims asserted under the federal securities laws be determined before discovery proceeds.").[2]

10. This is the first request by the Parties seeking to modify the case schedule provided in the Scheduling Order, and the Parties have otherwise complied with all current and past deadlines set forth in the Scheduling Order.

---

[2] *See also, e.g.*, *Band v. Ginn Cos., LLC*, 2011 WL 807396, at *2 (M.D. Fla. Mar. 2, 2011); *McGuire v. Dendreon Corp.*, 2009 WL 666863 (W.D. Wash. Mar. 11, 2009); *In re Refco, Inc.*, 2006 WL 2337212, at *4 (S.D.N.Y. Aug. 8, 2006); *Selbst v. McDonald's Corp.*, 2006 WL 566450, at *1 (N.D. Ill. Mar. 1, 2006); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003); *Fazio v. Lehman Bros., Inc.*, 2002 WL 32121836, at *2 (N.D. Ohio May 16, 2002); *Faulkner v. Verizon Commc'n, Inc.*, 156 F. Supp. 2d 384, 406 (S.D.N.Y.2001); *CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1263 (N.D. Okla. 2001); *S. Pac. Funding Corp. Sec. Litig.*, 83 F. Supp. 2d 1172, 1175 n. 1 (D. Or. 1999).

11.     The Parties have met and jointly request that, in light of Lead Plaintiff's request to file the SAC, and the automatic stay that would result should the SAC be filed and Defendants seek to move to dismiss the SAC, the Scheduling Order be modified as follows:

a.      The SAC shall be deemed filed as of the date of the Court's Order granting this Joint Motion;

b.      Within 28 days after the date of the Court's Order granting this Joint Motion, Defendants shall file their motion to dismiss the SAC;

c.      Pursuant to the PSLRA's mandatory stay of discovery, 15 U.S.C. § 78u-4(b)(3)(B), all discovery is stayed in this action pending the Court's ruling on Defendants' motion to dismiss the SAC, and therefore all remaining deadlines in the Scheduling Order, including the final pretrial conference previously scheduled for November 19, 2020 at 10:00 a.m., are hereby CANCELLED pending the Court's ruling on Defendants' motion to dismiss the SAC;

d.      Within 28 days after the date that Defendants file their motion to dismiss the SAC, Lead Plaintiff shall file its brief in opposition to Defendants' motion to dismiss the SAC; and

e.      Within 14 days after the date that Lead Plaintiff files its brief in opposition to Defendants' motion to dismiss the SAC, Defendants shall file their reply brief in further support of Defendants' motion to dismiss the SAC.

12.     The parties respectfully request that the Court grant this Joint Motion and enter the Proposed Order filed herewith.  The Parties hereby waive a hearing on this Joint Motion.

Dated:  October 12, 2020

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

by:  */s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers (*pro hac vice*)
1100 New York Avenue, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

*Liaison Class Counsel for Lead Plaintiff and the Class*

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel:  (561) 206-6708
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

Steven B. Singer
Kyla Grant
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel:  (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawhite.com

*Class Counsel for Lead Plaintiff and the Class*

**TROUTMAN SANDERS LLP**

by:  */s/ Dabney J. Carr*
Dabney J. Carr (Va. Bar No. 28679)
1001 Haxall Point
15th Floor
Richmond, VA 23219
Tel:  (804) 697-1200
dabney.carr@troutman.com

*Counsel for Defendants GTT Communications, Inc., Richard D. Calder, Jr., Chris McKee, Michael Sicoli and Gina Nomellini*

**CRAVATH, SWAINE & MOORE LLP**
J. Wesley Earnhardt
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel:  (212) 474-1000
wearnhardt@cravath.com

*Counsel for Defendants GTT Communications, Inc., Richard D. Calder, Jr., Chris McKee, Michael Sicoli and Gina Nomellini*