# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br>    v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI, and GINA NOMELLINI<br><br>           Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired publicly traded common stock of GTT Communications, Inc. ("GTT" or the "Company") from February 26, 2018 to August 7, 2019, inclusive (the "Settlement Class Period"), and who were damaged thereby.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia (the "Court"). Please be advised that the Court-appointed Lead Plaintiff, City of Atlanta Police Pension Fund and City of Atlanta Firefighters' Pension Fund (together, "Lead Plaintiff" or "Plaintiff"), on behalf of itself and the Court-certified Settlement Class (as defined in paragraph 26 below), has reached a proposed settlement of the above-captioned securities class action (the "Action") for twenty-five million dollars ($25,000,000.00) that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact GTT, any other Defendants in the**

1

**Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* paragraph 86 below).**

1.    **<u>Description of the Action and the Settlement Class</u>**:  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant GTT and defendants Richard D. Calder, Jr., Chris McKee, Michael Sicoli and Gina Nomellini (the "Individual Defendants" and together with GTT, the "Defendants")[1] made misrepresentations about GTT's $2.3 billion acquisition and integration of Interoute Communications Holdings S.A. ("Interoute"), a European telecommunications company that was by far the largest in GTT's history.  Specifically, Lead Plaintiff alleged that Defendants misrepresented that the acquisition of Interoute was strategic for GTT and that GTT's integration of Interoute was progressing right "on track," such that GTT was timely meeting every pre-announced milestone.  Plaintiff further alleged that Defendants also made additional allegedly false and misleading statements concerning certain issues with GTT's reporting of financial results and statements regarding the effectiveness of its internal controls during the Settlement Class Period, with reference to Form 8-Ks that GTT filed with the SEC on August 10, 2020 and September 15, 2020.  Specifically, Plaintiff alleged that GTT's senior officers orchestrated a variety of accounting manipulations, including adjustments to expenses without adequate support, to, among other things, mask the negative impact of the Interoute integration. A more detailed description of the Action is set forth in paragraphs 11-22 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 26 below.

2.    **<u>Statement of the Settlement Class's Recovery</u>:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of twenty-five million dollars ($25,000,000.00) (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 53-70 below.

3.    **<u>Estimate of Average Amount of Recovery Per Share</u>:**  Based on Lead Plaintiff's damages expert's estimates of the number of shares of GTT common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per alleged damaged share (hereinafter the "damaged shares") is $0.61. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 14, 2020 (the "Stipulation"), which is available at www.GTTSecuritiesLitigation.com. The singular forms of nouns and pronouns include the plural and vice versa.

purchased/acquired and sold their GTT common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, the Parties disagree regarding: (a) whether any statements were false or misleading; (b) whether any person who made the allegedly false and misleading statements acted with the requisite state of mind; (c) the materiality of the allegedly false and misleading statements; and (d) the effect, if any, of those statements on the price of GTT's common stock.  Defendants have denied and continue to deny all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action and do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by Lead Plaintiff or any members of the Settlement Class as a result of their alleged conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiff's Counsel, which has been prosecuting the Action on a wholly contingent basis since its inception in July 2019, has not received any payment of attorneys' fees for their representation of the Settlement Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel Saxena White P.A. ("Lead Counsel") will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third (33⅓%) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims asserted against the Defendants, in an amount not to exceed $600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per damaged share of GTT common stock, if the Court approves Lead Counsel's fee and expense application, is $0.22 per damaged share.

6.    **Identification of Attorneys' Representative:**  Lead Plaintiff and the Settlement Class are represented by Lester R. Hooker, Esq. of Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 206-6708, lhooker@saxenawhite.com.

7.    **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to settle provided that all of the claims of the Settlement Class are settled and compromised, in order to avoid the continuing burden, expense, time, and uncertainty associated with further protracted litigation.

3

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE NO LATER THAN _____, 2021.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in paragraph 34 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON [APRIL 23, 2021], AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                           Page ___
What Is This Case About?                                                            Page __
How Do I Know If I Am Affected By The Settlement?

4

Who Is Included In The Settlement Class?                                        Page __
What Are Lead Plaintiff's Reasons For The Settlement?                           Page __
What Might Happen If There Were No Settlement?                                  Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                         Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                  Page __
How Much Will My Payment Be?                                                    Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
 How Will The Lawyers Be Paid?                                                 Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
       How Do I Exclude Myself?                                                Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                  Page __
What If I Bought Shares On Someone Else's Behalf?                               Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?           Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired GTT common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    The initial securities class action complaint in the Action was filed in this District by

Plymouth County Retirement System on July 30, 2019, asserting claims of violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.    On January 7, 2020, the Court appointed City of Atlanta Police Pension Fund and City of Atlanta Firefighters Pension Fund as Lead Plaintiff pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and approved Lead Plaintiff's selection of Saxena White P.A. as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel.

13.    On February 28, 2020, Lead Plaintiff filed its Amended Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand (the "Amended Complaint"). The Amended Complaint alleged, among other things, that throughout the Settlement Class Period, Defendants made numerous false and misleading statements regarding GTT's $2.3 billion acquisition and integration of Interoute Communications Holdings S.A. ("Interoute"), a European telecommunications company that was the largest acquisition in GTT's history. Specifically, Plaintiff alleged that Defendants continuously falsely touted to investors that Interoute's business was virtually identical to GTT's and that the Company's integration of Interoute was right "on track" when, in reality, the exact opposite was true. The Amended Complaint alleged that the accounts of 15 former high-level employees of both GTT and Interoute, as well as Defendants' own admissions at the end of the Settlement Class Period, confirmed that Defendants knew that, before the time of the acquisition, Interoute had implemented a "strategic priority shift" to selling cloud services—a focus that Defendants admitted was an entirely "different business" than GTT's business of selling cloud networking connectivity, and one which GTT did not maintain.  Moreover, the Amended Complaint alleged that the integration was an "absolute nightmare" and a "disaster" from day one and that the integration was so deficient that Interoute was not fully integrated even by the end of the Settlement Class Period.  The Amended Complaint alleged that Defendants' alleged materially false and misleading statements and omissions artificially inflated GTT's stock price during the Settlement Class Period and that GTT's stock price declined substantially when the truth regarding Defendants' alleged misrepresentations was revealed.

14.    On April 17, 2020, Defendants filed their motion to dismiss the Amended Complaint. Lead Plaintiff filed its opposition on May 22, 2020, and on June 5, 2020, Defendants filed their reply.  On June 22, 2020, the Court entered an Order denying Defendants' motion to dismiss the Amended Complaint.

15.    Following the Court's Order denying Defendants' motion to dismiss, the Parties commenced discovery, including by propounding document requests.  Lead Plaintiff sought discovery from Defendants, and a third-party valuation expert called CBIZ Inc.  Defendants sought discovery from Lead Plaintiff; Lead Plaintiff's expert on market efficiency, damages and loss causation; and Lead Plaintiff's third-party investment advisors, LMCG Investments, LLC ("LMCG"), Consequent Capital Management, and Marquette Associates.  With respect to expert discovery, Plaintiff submitted the expert report of Mr. Chad Coffman, which opined on loss causation and damages.

16.    While discovery was underway, on August 7, 2020, Lead Plaintiff filed its Motion for Class Certification, Appointment of Class Representatives and Appointment of Class Counsel.

6

In this motion, Plaintiff requested that the Court certify this Action as a class action, and appoint Lead Plaintiff as Class Representative, Saxena White P.A. as Class Counsel, and Cohen Milstein Sellers & Toll PLLC as Liaison Class Counsel.  In connection with its motion, Lead Plaintiff submitted another expert report by Mr. Chad Coffman, as evidence of market efficiency.

17.    On September 3, 2020 Defendants notified Lead Counsel that they would not oppose class certification.  Thus, on September 4, 2020 the Parties filed a joint stipulation and proposed order requesting that the Court certify this Action, as alleged in the Amended Complaint, and appoint Plaintiff as Class Representative, Saxena White P.A. as Class Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Class Counsel.  On September 10, 2020, the Court granted the Parties' joint stipulation and proposed order, certifying this Action as a class action, among other things.

18.    On October 8, 2020, the Parties held their first remote, one-day mediation session before the Honorable Daniel Weinstein (Ret.) and Mr. Jed Melnick, both of whom are renowned mediators affiliated with JAMS.  In advance of this mediation session, the Parties submitted substantial materials in support of their respective positions.  After a full day of presentations by the Parties and discussions with the mediators, the mediation concluded without a resolution of the Action.  In connection with this mediation, Lead Plaintiff also notified Defendants of its intention to move for leave to file a second amended complaint (the "Second Amended Complaint" or "SAC") and provided Defendants with a copy of the proposed SAC.  Thereafter, Defendants notified Lead Plaintiff that they would consent to Plaintiff's filing of the SAC, but planned to move to dismiss the SAC.  As a result, the Parties agreed that, pursuant to the PSLRA, all remaining discovery should be stayed and all upcoming deadlines pursuant to the case schedule should be taken off calendar

19.    To that end, on October 12, 2020, the Parties field a Joint Motion for Leave to File a Second Amended Complaint and Amend Case Schedule along with a Proposed Order and Second Amended Complaint.  On October 16, 2020, the Court granted the Parties' Joint Motion, thereby staying all further discovery, vacating the case schedule, permitting the SAC to become the operative complaint in this Action, and setting a briefing schedule for Defendants' motion to dismiss the SAC.

20.    The SAC alleged the same claims of federal securities fraud against the same Defendants based on the same conduct alleged in the Amended Complaint on behalf of all persons or entities who purchased or otherwise acquired publicly traded common stock of GTT from February 26, 2018 to August 7, 2019, inclusive, and who were damaged thereby (the "Settlement Class"). The SAC also alleged that  Defendants had made additional alleged misrepresentations regarding the financial statements GTT issued during the Settlement Class Period, as well as its statements concerning the effectiveness of its internal control over financial reporting, based upon filings the Company made with the SEC in August and September 2020.

21.    Specifically, on August 10, 2020, GTT filed a notification of a late filing on Form 12b-25 stating that the filing of its Form 10-Q for the quarter ending June 30, 2020 had been delayed and that "the Company identified certain issues related to the recording and reporting of Cost of Telecommunications services and related internal controls." GTT also stated that its management and the Audit Committee of its Board of Directors, with assistance from outside counsel and consultants, were conducting a review of these accounting issues. On September 15, 2020, GTT

7

stated in a Form 8-K that this accounting review had "identified a number of issues in connection with the Company's previously issued financial statements," including that the Company had made "adjustments ... without adequate support to Cost of Telecommunications Services" that had "the effect of removing expenses from the Company's income statement."  The Company also stated that, during the years ending December 31, 2017 and 2018, GTT failed "to recognize certain expenses on the Company's income statement by recording such expenses to goodwill and thereby attributing such expenses to pre-acquisition accruals, without adequate support, for companies that had been acquired."  GTT further disclosed that it was "reassessing its previous conclusions regarding the effectiveness of its internal control over financial reporting" and expected "to identify material weaknesses in the Company's internal control over financial reporting."  In the same Form 8-K, the Company also stated that GTT and Daniel M. Fraser (GTT's principal accounting officer, Senior Vice President, and Corporate Controller) had mutually agreed to terminate Mr. Fraser's employment.  The SAC alleged that the Company had engaged in an accounting fraud to, among other things, hide the negative impact of the Interoute integration.

22.    After the October 8 mediation session, the Parties remained in dialogue with the mediators by telephone and email about a potential resolution of the Action. On November 6, 2020, the Parties participated in a second remote, full day mediation session before the Hon. Weinstein (Ret.) and Mr. Melnick, during which the Parties agreed in principle to settle this Action for $25 million, subject to execution of the Stipulation and to Court approval of the proposed Settlement.

23.    Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiff's oversight of the prosecution of this matter and with the advice of Lead Counsel, Plaintiff has agreed to settle and release the claims alleged in the Second Amended Complaint or otherwise raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

24.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties and shall not be in any way referred to for any reason against any of the Defendant Releasees or Plaintiff Releasees in any other civil, criminal, or administrative action or proceeding. Defendants expressly deny that the claims asserted against them in the Action have merit, and deny any and all of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission, presumption, or concession on the part of any of the Defendants. The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission, presumption, or concession that any of the Defendants' defenses to liability had any merit.

8

25.    On _____, 202_, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

26.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons or entities who purchased or otherwise acquired publicly traded common stock of GTT from February 26, 2018 to August 7, 2019, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are Defendants, the Officers and directors of GTT at all relevant times, and all such excluded persons' Immediate Family members, legal representatives, heirs, agents, affiliates, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page [  ] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE AT THE SETTLEMENT WEBSITE, www.GTTSecuritiesLitigation.com, NO LATER THAN _____, 2021.**

---

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

---

27.    Based upon their investigation and prosecution of the case, Lead Plaintiff and Lead Counsel believed that the claims asserted in the Action have merit and that the evidence developed in discovery further supports those claims.  They recognized, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.   Lead Plaintiff has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays of such litigation.  Lead Plaintiff is also mindful of the inherent difficulties of proof associated with, and possible defenses to, the securities law violations asserted in the Action.  For example, among other things, Defendants likely would assert that their alleged misrepresentations were not materially false or misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claim

9

alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. In addition, Defendants maintain that they have meritorious defenses to all claims in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit. Lead Plaintiff would have to prevail at several stages – including, without limitation, class certification, summary judgment and trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

28. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $25,000,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after resolution summary judgment, trial and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor any other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

31. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" below.

32. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

33. If you are a Settlement Class Member and you do not exclude yourself from the

10

Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims alleged in the Second Amended Complaint against the Defendant Releasees (as defined in paragraph 35 below) and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective Related Persons, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every one of the Released Plaintiff's Claims against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or Litigation Expenses.  This release shall not apply to any Settlement Class Member who timely and properly excludes himself, herself or itself from the Settlement Class.

34.   "Released Plaintiff's Claims"   means any and all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Defendant Releasees by Class Representative or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents in their capacity as such, which arise out of, are based upon, concern or relate in any way to (i) any of the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action; or (ii) the purchase, acquisition, holding, sale, or disposition of any GTT securities during the Settlement Class Period.   "Released Plaintiff's Claims"   shall not include any claims to enforce this Settlement, or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted and approved by the Court.

35.   "Defendant Releasees" means each and all Defendants, Defendants' Counsel, and their respective Related Persons.

36.   "Related Persons" means (i) with respect to Defendants, Defendants' Counsel, and each of their respective current and former, Officers, directors, agents, parents, affiliates, subsidiaries, insurers, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such

11

entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

37.    "Unknown Claims" means any Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its settlement with and release, or might have affected his, her or its decision(s) with respect to this Settlement, including but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but they are notwithstanding this potential entering into the Stipulation and intend it to be a full, final and permanent resolution of the matters at issue in this Action.  Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, insurers administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 39) against any of the Plaintiff Releasees (as defined in paragraph 40), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

39.    "Released Defendants' Claims" means all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or

12

based on federal, state, local, statutory or common law or any other law, rule or regulation, (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Plaintiff Releasees by Defendants or any member of Defendant Releasees, or their successors, assigns, executors, administrators, representatives, attorneys and agents in their capacity as such, which arise out of, relate to, or are based upon, the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40.   "Plaintiff Releasees" means Lead Plaintiff, all other plaintiffs in the Action, Plaintiff's Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

41.   The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiff's Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

42.   The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendant Releasees, without costs to any Party or Related Persons except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

43.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online at the Settlement website, www.GTTSecuritiesLitigation.com, no later than _____, 2021.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.GTTSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 888-906-0555.  Please retain all records of your ownership of and transactions in GTT common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

44.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45.   Pursuant to the Settlement, Defendants shall pay or cause their insurers to pay twenty-five million dollars ($25,000,000.00).  The Settlement Amount will be deposited into an escrow

13

account.  The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47.   No Defendant Releasee or any person or entity that paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.  In no instance shall any Defendant Releasee be required to pay any amount other than as expressly provided for in the Stipulation.

48.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online at the Settlement website, www.GTTSecuritiesLitigation.com, on or before _____, 2021, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in paragraph 34) against the Defendant Releasees (as defined in paragraph 35) and will be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Plaintiff's Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

50.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

52.   Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired GTT common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition

14

or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is GTT common stock.

## PROPOSED PLAN OF ALLOCATION

53.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

54.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of GTT common stock to be artificially inflated throughout the Settlement Class Period. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in GTT common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

55.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of GTT common stock. In this case, Lead Plaintiff alleged that Defendants made false statements and omitted material facts during the period from February 26, 2018 to August 7, 2019, inclusive (the "Settlement Class Period"), which had the effect of artificially inflating the price of GTT common stock. Lead Plaintiff further alleged that corrective information was released to the market on: May 8, 2019 (before market open) and August 8, 2019 (before market open), which partially removed the artificial inflation from the price of GTT common stock on May 8-9, 2019[2] and August 8, 2019.

56.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of GTT common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired GTT common stock during the Settlement Class Period must have held those shares through at least one of the dates where allegedly new corrective information was released to the market and partially removed the artificial inflation from the price of GTT common stock.

---

[2] With respect to the alleged partial corrective disclosure that occurred on May 8, 2019, the alleged artificial inflation was removed from the price of GTT common stock over the following days: Wednesday, May 8, 2019 and Thursday, May 9, 2019.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

57.    Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of GTT common stock that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

58.    For each share of publicly traded GTT common stock purchased or otherwise acquired during the Settlement Class Period (i.e., during the period from February 26, 2018 through and including the close of trading on August 7, 2019), and:

> i.    sold before May  8, 2019, the Recognized Loss Amount will be $0.00.
>
> ii.    sold from May 8, 2019 through and including August 7, 2019, the Recognized Loss Amount will be **the lesser of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below minus the amount of artificial inflation per share on the date of sale as stated in Table A below; (ii) the purchase/acquisition price minus the sale price.
>
> iii.    sold from August 8, 2019 through and including the close of trading on November 5, 2019, the Recognized Loss Amount will be **the least of:** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price between August 8, 2019 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.
>
> iii.    held as of the close of trading on November 5, 2019, the Recognized Loss Amount will be **the lesser of: (**i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; or (ii) the purchase/acquisition price minus $8.39.[3]

## ADDITIONAL PROVISIONS

59.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to GTT common stock.

---

[3]Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of GTT common stock during the "90-day look-back period," August 8, 2019 through and including November 5, 2019.  The mean (average) closing price for GTT common stock during this 90-day look-back period was $8.39.

16

60. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of GTT common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

61. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of GTT common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of GTT common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of GTT common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of GTT common stock unless (i) the donor or decedent purchased or otherwise acquired or sold GTT common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of GTT common stock.

62. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the GTT common stock. The date of a "short sale" is deemed to be the date of sale of the GTT common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

63. In the event that a Claimant has an opening short position in GTT common stock, the earliest purchases or acquisitions of GTT common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

64. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to GTT common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

65. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. The pro rata share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

66. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed pro rata to all Authorized Claimants entitled to receive payment.

67. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

17

68.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

69.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsels, Lead Plaintiff's damages expert, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, the Defendants, and their respective counsels, and all other Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

70.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.GTTSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation with Respect to Transactions in Publicly Traded GTT Common Stock**
**From February 26, 2018 to August 7, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 26, 2018 – October 23, 2018 | $10.56 |
| October 24, 2018 – May 7, 2019 | $13.15 |
| May 8, 2019 | $5.93 |
| May 9, 2019 – August 7, 2019 | $3.29 |

19

**TABLE B**

| 90-Day Look-back Table for Publicly Traded GTT Common Stock Closing Price and Average Closing Price From August 8, 2019 to November 5, 2019 | | | | | |
|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price between August 8, 2019 and Date Shown | Date | Closing Price | Average Closing Price between August 8, 2019 and Date Shown |
| 8/8/2019 | $6.09 | $6.09 | 9/24/2019 | $9.61 | $9.06 |
| 8/9/2019 | $6.71 | $6.40 | 9/25/2019 | $9.68 | $9.08 |
| 8/12/2019 | $8.11 | $6.97 | 9/26/2019 | $7.65 | $9.04 |
| 8/13/2019 | $9.10 | $7.50 | 9/27/2019 | $7.80 | $9.01 |
| 8/14/2019 | $8.52 | $7.71 | 9/30/2019 | $9.42 | $9.02 |
| 8/15/2019 | $7.96 | $7.75 | 10/1/2019 | $8.34 | $9.00 |
| 8/16/2019 | $8.55 | $7.86 | 10/2/2019 | $8.15 | $8.98 |
| 8/19/2019 | $8.43 | $7.93 | 10/3/2019 | $7.75 | $8.95 |
| 8/20/2019 | $8.79 | $8.03 | 10/4/2019 | $7.64 | $8.92 |
| 8/21/2019 | $8.76 | $8.10 | 10/7/2019 | $7.35 | $8.88 |
| 8/22/2019 | $9.34 | $8.21 | 10/8/2019 | $7.13 | $8.84 |
| 8/23/2019 | $8.58 | $8.25 | 10/9/2019 | $7.04 | $8.80 |
| 8/26/2019 | $8.99 | $8.30 | 10/10/2019 | $6.93 | $8.75 |
| 8/27/2019 | $8.36 | $8.31 | 10/11/2019 | $6.88 | $8.71 |
| 8/28/2019 | $9.00 | $8.35 | 10/14/2019 | $7.03 | $8.68 |
| 8/29/2019 | $9.26 | $8.41 | 10/15/2019 | $7.12 | $8.65 |
| 8/30/2019 | $9.51 | $8.47 | 10/16/2019 | $7.05 | $8.61 |
| 9/3/2019 | $9.78 | $8.55 | 10/17/2019 | $7.15 | $8.58 |
| 9/4/2019 | $9.67 | $8.61 | 10/18/2019 | $7.13 | $8.56 |
| 9/5/2019 | $9.82 | $8.67 | 10/21/2019 | $7.17 | $8.53 |
| 9/6/2019 | $9.53 | $8.71 | 10/22/2019 | $7.31 | $8.51 |
| 9/9/2019 | $9.18 | $8.73 | 10/23/2019 | $7.80 | $8.49 |
| 9/10/2019 | $9.70 | $8.77 | 10/24/2019 | $7.80 | $8.48 |
| 9/11/2019 | $9.90 | $8.82 | 10/25/2019 | $7.88 | $8.47 |
| 9/12/2019 | $9.76 | $8.86 | 10/28/2019 | $7.65 | $8.46 |
| 9/13/2019 | $9.75 | $8.89 | 10/29/2019 | $7.71 | $8.44 |
| 9/16/2019 | $9.50 | $8.91 | 10/30/2019 | $7.56 | $8.43 |
| 9/17/2019 | $9.54 | $8.94 | 10/31/2019 | $7.53 | $8.41 |
| 9/18/2019 | $9.69 | $8.96 | 11/1/2019 | $8.00 | $8.41 |
| 9/19/2019 | $10.05 | $9.00 | 11/4/2019 | $8.07 | $8.40 |
| 9/20/2019 | $9.81 | $9.02 | 11/5/2019 | $7.83 | $8.39 |
| 9/23/2019 | $9.74 | $9.05 | | | |

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
> **HOW WILL THE LAWYERS BE PAID?**

71.   Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed one-third (33⅓%) of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $600,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

> **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
> **HOW DO I EXCLUDE MYSELF?**

72.   Each Settlement Class Member will be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *GTT Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration PO Box 91247, Seattle, WA 98111.  The exclusion request must be received no later than _____, 2021.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Plymouth County Retirement System v. GTT Communications, Inc. et al.,* 1:19-cv-00982-CMH-MSN (E.D. Va.) (c) state the number of GTT common stock shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

73.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendant Releasees.

74.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

75.    GTT has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and GTT as set forth in a confidential Supplemental Agreement.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

76.    Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

77.    The Settlement Hearing will be held on [April 23, 2021] at __:__ _.m., before the Honorable Claude M. Hilton at the United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Room 800, Alexandria, VA 22314.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class.

78.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Virginia at the address set forth below on or before _____, 20__.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 20__.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| Albert V. Bryan U.S. Courthouse 401 Courthouse Square Alexandria, VA 22314 | Saxena White P.A. Lester R. Hooker, Esq. 7777 Glades Road Suite 300 Boca Raton, FL 33434 Office: (561) 206-6708 Fax: (561) 394-3382 lhooker@saxenawhite.com | Cravath, Swaine & Moore LLP J. Wesley Earnhardt 825 Eighth Ave. New York, NY 10019 Office:  (212) 474-1138 Fax:  (212) 474-3700 wearnhardt@cravath.com |

79.   Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of GTT common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

80.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is received on or before _____, 2021.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

82.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 78 above so that the notice is received on or before _____, 2021.

83.   The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class.  Settlement Class Members should check the Settlement website at www.GTTSecuritiesLitigation.com, the Court's PACER site (defined in paragraph 86 below) or contact Lead Counsel at the address in paragraph 86 below.

84.   Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
|---|

85.   If you purchased or otherwise acquired GTT common stock during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) business days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within ten (10) business days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) business days of *receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to GTT Securities Litigation*, c/o JND Legal Administration, PO Box 91247, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may obtain reimbursement of their reasonable expenses incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website maintained by the Claims Administrator, **www.GTTSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 888-906-0555.**

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

86.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.vaed.uscourts.gov/, or by visiting the Office of the Clerk, United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314 which may be inspected during regular office hours.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website maintained by the Claims Administrator, www.GTTSecuritiesLitigation.com.

Inquiries, other than requests for the Notice and Claim Form, should be made directed to:

*GTT Securities Litigation*
c/o JND Legal Administration
PO Box 91247
Seattle, WA 98111
www.GTTSecuritiesLitigation.com
info@GTTSecuritiesLitigation.com

and/or

SAXENA WHITE P.A.
Lester R. Hooker, Esq.
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

24

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 202_

By Order of the Court
United States District Court
Eastern District of Virginia