# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI, and GINA NOMELLINI,<br><br>Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

WHEREAS, a class action is pending in this Court entitled *Plymouth County Retirement System v. GTT Communications, Inc. et al.,* 1:19-cv-00982-CMH-MSN (E.D. Va.) (the "Action");

WHEREAS, on July 30, 2019, Plymouth County Retirement System filed the initial class action complaint in this Action, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (ECF No. 1);

WHEREAS, by order dated January 7, 2020, this Court appointed City of Atlanta Police Pension Fund and City of Atlanta Firefighters' Pension Fund as Lead Plaintiff ("Lead Plaintiff" or "Plaintiff") pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 and approved Lead Plaintiff's selection of Saxena White P.A. ("Saxena White") as Lead

1

Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel (ECF No. 35);

WHEREAS, on February 28, 2020, Lead Plaintiff filed its Amended Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand (the "Amended Complaint," ECF No. 42);

WHEREAS, by order dated September 10, 2020, this Court certified this Action to proceed as a class action, and appointed Lead Plaintiff as Class Representative, Saxena White as Class Counsel, and Cohen Milstein as Liaison Class Counsel (ECF No. 71);

WHEREAS, on October 12, 2020, Lead Plaintiff moved to file the Second Amended Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand (the "Second Amended Complaint" or "SAC," ECF No. 72-2), asserting federal securities claims on behalf of all persons or entities who purchased or otherwise acquired publicly traded common stock of GTT Communications, Inc. ("GTT" or the "Company") from February 26, 2018 to August 7, 2019, inclusive, and who were damaged thereby (the "Settlement Class"),[1] and, by order dated October 16, 2020, this Court granted such motion, rendering the SAC effective as of that date (ECF No. 78);

WHEREAS, (a) Lead Plaintiff, on behalf of itself and the Settlement Class (defined below), and (b) defendants GTT, Richard D. Calder, Jr., Chris McKee, Michael Sicoli, and Gina Nomellini (collectively the "Defendants" and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated December 14, 2020 (the

---

[1] Excluded from the Settlement Class are Defendants, the Officers and directors of GTT at all relevant times, and all such excluded persons' Immediate Family members, legal representatives, heirs, agents, affiliates, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class is any person or entity listed on Exhibit 1 hereto.

2

"Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Second Amended Complaint against the Defendant Releasees (as defined in the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by order dated _____, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement and certified the Settlement Class for purposes of this Settlement only; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on [April 23, 2021] (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendant Releasees; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired publicly traded common stock of GTT from February 26, 2018 to August 7, 2019, inclusive, and who were damaged thereby. Excluded from the Settlement Class are Defendants, the Officers and directors of GTT at all relevant times, and all such excluded persons' Immediate Family members, legal representatives, heirs, agents, affiliates, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons and entities listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class, appointing Lead Counsel as Class Counsel, and appointing Liaison Counsel as Liaison Class Counsel for the Settlement Class. Lead Plaintiff and

Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Settlement Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Second Amended Complaint against the Defendant Releasees), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the

Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted in the Second Amended Complaint against the Defendant Releasees by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

8. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members, other than those Settlement Class Members who timely and properly have taken steps to exclude themselves from the Settlement Class, (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases:** The Releases set forth in Section IV, Paragraph 5 of the Stipulation, together with the definitions contained in Section IV, Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective Related Persons, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully,

finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every one of the Released Plaintiff's Claims against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any or all of the Released Plaintiff's Claims against any of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or Litigation Expenses.  This release shall not apply to any person or entity listed on Exhibit 1 hereto.

      (b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, insurers, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.  This release shall not apply to any person or entity listed on Exhibit 1 hereto.

      (c)    Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or

proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any Released Plaintiff's Claims against any of the Defendant Releasees.

(d) Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by Lead Plaintiff or a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiff's Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

10. Notwithstanding paragraphs 9(a) through 9(d) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions:** Neither this Judgment, nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any facts or terms of the Stipulation, negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of this Judgment, the Stipulation, or the Settlement:

(a) shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (a) the truth of any allegations by Lead Plaintiff or

8

any Settlement Class Member; (b) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (e) any damages suffered by Lead Plaintiff or the Settlement Class; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees (a) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

9

13. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement:** Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing and signed by or on behalf of all the Parties acting by and through their respective counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise

provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and the Defendant Releasees, and the Parties shall revert to their respective positions in the Action as of November 6, 2020, as provided in the Stipulation.

17. **Entry of Final Judgment:**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Claude M. Hilton
United States District Judge

11

## **Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**