UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI, and GINA NOMELLINI,<br><br>Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

**LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY
IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES
AND EXPENSES**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   ARGUMENT ................................................................................................................ 2

        A.   Lead Plaintiff Completed the Notice Program ............................................. 2

        B.   The Unanimous Reaction of the Class Supports Final Approval ............................. 2

        C.   The Settlement is Fair, Reasonable and Adequate ....................................... 4

        D.   The Requested Attorneys' Fees and Expense Award is Fair and Reasonable ........... 4

III.  CONCLUSION ............................................................................................................. 5

Lead Plaintiff respectfully submits this notice of non-opposition and reply in further support of its Motion for Final Approval of Class Action Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses and Memorandum of Law in Support (ECF Nos. 91 and 92, the "Final Approval Motion" or "Final Approval Mot.").[1]

## I.      PRELIMINARY STATEMENT

As set forth in Plaintiff's opening papers, the $25 million Settlement in this Action represents an excellent result for the Settlement Class.  Indeed, in the face of substantial challenges in proving liability and damages, the costs and delays of continued litigation, GTT's current financial condition, and the Company's rapidly wasting insurance policy, continued litigation would have likely resulted in an inferior recovery, or no recovery at all.

Since the submission of the Final Approval Motion, the April 2, 2021 deadline for objections and requests for exclusion has passed.  Lead Plaintiff is pleased to report that not a single Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense request. Moreover, Lead Plaintiff received no valid exclusion requests.  The unanimous positive reaction from the Settlement Class is particularly meaningful here because the vast majority of GTT's shares, approximately 82%, are owned by institutional investors who have the acumen, motivation and resources to object or opt-out of the Settlement, if warranted.  In light of the Settlement Class's endorsement and the fact that each of the factors that courts in the Fourth Circuit consider in the settlement approval process supports final approval, Lead Plaintiff respectfully submits that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable and should be approved.

---

[1] Unless otherwise indicated, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement (ECF No. 84-1), the Final Approval Motion, or in the Declaration of Lester R. Hooker in Support thereof (ECF No. 93). All citations and internal quotations are omitted, and all emphasis is added.

## II.      ARGUMENT

### A.      Lead Plaintiff Completed the Notice Program

Lead Plaintiff fully complied with all aspects of the Court-approved Notice program set forth in the Court's Preliminary Approval Order, pursuant to which the Claims Administrator (i) mailed 22,998 Notice Packets to potential Settlement Class members; (ii) published the Summary Notice in *Investor's Business Daily* and over the *PR Newswire* on February 22, 2021; and (iii) maintained a toll-free telephone hotline and a dedicated website for the Settlement that provides information and links to relevant documents. *See* ECF No. 93-2; Supplemental Declaration of Luiggy Segura, Ex. B, at ¶¶4-7. The Notice informed Settlement Class Members of their right to opt-out or object to any aspect of the Settlement, Plan of Allocation, or Lead Counsel's fee request, and the April 2, 2021 deadline for doing so. Final Approval Mot. at 13-14.   In response to this extensive Notice program, Plaintiff received no valid requests for exclusion and no objections to any aspect of the Settlement, the Plan of Allocation, or Plaintiff's fee request.

### B.      The Unanimous Reaction of the Class Supports Final Approval

The wholly positive response from the Settlement Class weighs heavily in favor of final approval of the Settlement. *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("[a] lack of objections to settlement by class members and opt-outs from the class demonstrates low opposition and weighs in favor of approving a settlement"); *Seaman v. Duke Univ.*, 2019 WL 4674758, at *3 (M.D.N.C. Sept. 25, 2019) (awarding a one-third fee in a $54.5 million recovery, as "[t]he absence of any objections to the settlement indicates that 'counsel have achieved a superior result for the class and weighs in favor of their requested award'").

Moreover, the fact that the Settlement Class is primarily comprised of sophisticated institutional investors who have the professional resources and financial motivation to object or

2

opt-out of the Settlement—and who have historically done so when warranted—further underscores the reasonableness of the Settlement. *See In re Celebrex (Celecoxib) Antitrust Litig.*, 2018 WL 2382091, at \*5 (E.D. Va. Apr. 18, 2018) (awarding one-third of $94 million settlement as there "were no objections to the settlement,[] no opt-out requests" and the "largest class members" supported the settlement); *see also In re Rayonier Inc. Sec. Litig.*, 2017 WL 4542852, at \* 3 (M.D. Fla. Oct. 5, 2017) (finding the fact that institutional investors owned the majority of the company's outstanding shares and "certainly ha[ve] the business acumen and financial ability to opt out [] or object [but] none of them did so," confirmed that the settlement was "objectively outstanding."). The complete absence of any objection from these investors is compelling evidence supporting final approval. *See In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at \*5 (D. Del. Nov. 19, 2018) ([t]here were no objections…this is particularly remarkable in that 82% of [company] shares are owned by institutional investors who have the knowledge and resources to properly evaluate a settlement and to object if necessary. The Court concludes that this factor weighs in favor of the settlement[.]").

Furthermore, Lead Plaintiff—a large institutional investor who actively participated in and supervised the Action—fully endorses both the Settlement and the fee and expense award. ECF No. 93-1 at ¶¶8, 11 (Atlanta P&F "strongly endorses approval of the Settlement" and "believes that the request for an award of attorneys' fees in the amount of 33⅓% of the Settlement Fund is fair and reasonable in light of the exceptional work that Lead Counsel performed on behalf of the Class"). Accordingly, the full endorsement of the Class strongly supports approval of the Settlement, the Plan of Allocation, and the fee and expense request.

3

**C.      The Settlement is Fair, Reasonable and Adequate**

Lead Plaintiff's opening papers set forth the numerous reasons why the Settlement is fair, reasonable and adequate. The Settlement is the result of extensive, arm's length negotiations overseen by two of the most respected mediators in the country—former State of California Judge and founder of JAMS Hon. Daniel Weinstein and Mr. Jed Melnick, the Managing Mediator for the Weinstein Melnick Team.  Furthermore, each of the factors that courts in the Fourth Circuit consider in evaluating a class action settlement fully support final approval of the proposed Settlement. *See* Final Approval Motion at 4-14 (applying the factors of Rule 23 and *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991)).

In addition, the proposed Plan of Allocation, which is substantially similar to plans approved in securities class actions nationwide and was formulated in consultation with Lead Plaintiff's damages expert, is similarly fair and reasonable. Final Approval Mot. at 14.

**D.      The Requested Attorneys' Fees and Expense Award is Fair and Reasonable**

Lead Plaintiff's fee request of one-third of the Settlement Fund and reimbursement of Litigation Expenses in the amount of $453,866.36 is also eminently reasonable, which is further supported by the fact that not a single Class member has objected to the fee request. As set forth in the Final Approval Motion, Lead Counsel obtained a sizeable recovery for the Settlement Class of $25 million in cash, well above the typical recovery in comparable securities class actions. *See* Final Approval Mot. at 17-18. Lead Plaintiff's fee request is also reasonable under the factors applied by Courts in the Fourth Circuit.  *See* Final Approval Mot. at 16-28 (applying the factors of *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 733 (3d Cir. 2001) and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

In addition, as a cross-check, the 1.54 lodestar multiplier—which is well below the range of multipliers awarded in class action settlements within the Fourth Circuit—amply

4

supports the fee request. *See* Final Approval Motion at 26-27.  In view of the major risks in pursuing this Action, the highly favorable result obtained, the financial commitment of Lead Counsel, the contingent nature of the representation, the skill and expertise of Lead Counsel, the reaction of the Class to the fee and expense request, and the lodestar cross-check, an award of one-third is appropriate. Moreover, the expenses set forth in the declarations from counsel are typical for complex actions and are routinely approved by courts for reimbursement.  *Id*. at 28.

Additionally, Lead Plaintiff seeks $7,500 as a Representative Reimbursement pursuant to the PSLRA for its participation and supervision of the Action (*see* Final Approval Mot. at 28), which is particularly appropriate here given that there are no objections to the award and the award is less than the value of the total hours spent by Lead Plaintiff's representatives. *See* ECF No. 93-1 at ¶17.

## III.    CONCLUSION

As set forth above and in Lead Plaintiff's opening papers, Lead Plaintiff respectfully requests that the Court grant final approval of the Settlement, the Plan of Allocation, and Lead Plaintiff's motion for attorneys' fees and reimbursement of Litigation Expenses. For the Court's convenience, the Parties' agreed-upon proposed Final Judgment and Order of Dismissal is attached hereto as Exhibit A.

Dated:  April 16, 2021                                    Respectfully submitted,

*/s/ Steven. J. Toll*
Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers (*pro hac vice*)
1100 New York Avenue, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com

5

dsommers@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff and the
Proposed Settlement Class*

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel:  (561) 206-6708
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

Steven B. Singer
Kyla Grant
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawite.com

*Lead Counsel for Lead Plaintiff and the
Proposed Settlement Class*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2021, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all of the registered participants.

> */s/ Steven J. Toll*
> Steven J. Toll