UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>        v.<br><br>GTT COMMUNICATIONS, INC., RICHARD D. CALDER, JR., CHRIS MCKEE, MICHAEL SICOLI, and GINA NOMELLINI,<br><br>          Defendants. | Case No. 1:19-cv-00982-CMH-MSN |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF DISTRIBUTION OF NET SETTLEMENT FUND**

**TABLE OF CONTENTS**

I.  BACKGROUND ...................................................................................................1

II.  CLAIMS ADMINISTRATION ...........................................................................2

    A.  Claims Processing ..................................................................................2

    B.  Deficiency Process ..................................................................................3

    C.  Disputed Claim .......................................................................................4

    D.  Processing of Late but Otherwise Eligible Claims ................................5

III.  FEES AND EXPENSES OF CLAIMS ADMINISTRATOR............................6

IV.  DISTRIBUTION OF NET SETTLEMENT FUND.............................................6

V.  RELEASE OF CLAIMS.......................................................................................9

VI.  RECORD RETENTION AND DESTRUCTION................................................9

VII.  CONCLUSION ....................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Fernandez v. Knight Cap. Grp., Inc.*,
2016 WL 7468089 (D.N.J. June 16, 2016)................................................................................5

*In re Eletrobras Sec. Litig.*,
467 F. Supp. 3d 149 (S.D.N.Y. 2020) ......................................................................................9

*In re Neustar, Inc. Sec. Litig.*,
No. 14-cv-00885 (E.D. Va.) ..............................................................................................5, 6, 9

*Rihn v. Acadia Pharm. Inc.*,
2018 WL 513448 (S.D. Cal. Jan. 22, 2018) ............................................................................9

*Shah v. Zimmer Biomet Holdings, Inc.*,
2020 WL 7392796 (N.D. Ind. Dec. 14, 2020) ........................................................................9

Pursuant to the Parties' Stipulation and Agreement of Settlement ("Settlement Agreement" or "Stipulation," ECF No. 84-1), Lead Plaintiff hereby respectfully moves this Court for entry of a Class Distribution Order: (i) approving the Court-appointed Claims Administrator JND Legal Administration's ("JND") administrative determinations concerning the acceptance and rejection of Claims submitted in connection with the Settlement of the Action; (ii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Authorized Claimants; (iii) approving payment of JND's fees and expenses incurred and estimated to be incurred in the administration of the Settlement; (iv) authorizing the destruction of Claim Forms and supporting documents at an appropriate time; (v) releasing claims related to the administration process; and (vi) granting such other and further relief as this Court deems appropriate.[1]

I.      BACKGROUND

On December 14, 2020, a settlement was reached, and the Parties entered into the Settlement Agreement. ECF No. 84-1. JND, a firm specializing in the administration of class action settlements was retained to supervise and administer the notice procedure, process the Claim Forms submitted, and to effectuate the distribution of the Net Settlement Fund to Authorized Claimants. *See* ECF No. 89. The Court approved the selection of JND in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated January 28, 2021. ECF No. 89. In accordance with the Preliminary Approval Order, JND has mailed the Notice and Claim Forms to potential Settlement Class Members, brokers, and other nominees. *See* ECF No. 93. The Summary Notice was also published in *Investor's Business Daily* and released

---

[1] The proposed distribution plan (the "Distribution Plan") is set forth in the accompanying Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution of Net Settlement Fund ("Segura Dec." or "Segura Declaration"), submitted on behalf of JND. Unless otherwise indicated, all capitalized terms have the meanings set forth in the Settlement Agreement or the Segura Declaration, all citations and internal quotations are omitted, and all emphasis is added. All references to "Ex. _" are to exhibits accompanying the Segura Dec.

via *PR Newswire* on February 22, 2021. *Id.* The Court held a Settlement Fairness Hearing on April 23, 2021, and on the same day entered the Final Judgment and Order of Dismissal.  ECF No. 97.

As set forth in the Segura Declaration, in addition to providing notice, JND has processed the Claim Forms and calculated recognized loss amounts consistent with the Court-approved Plan of Allocation.  *See generally*, Segura Dec.  JND has processed 8,565 Claims received through March 28, 2022. *Id.* ¶8.  Of these 8,565 Claims, JND has determined that 3,646 are timely eligible claims, 122 are late but otherwise eligible claims and 4,797 should be wholly rejected for the following reasons, including: Claim Did Not Result in a Recognized Claim, Claim Did Not Fit Definition of the Class, Deficient Claim Never Cured, Duplicate Claim, or Claim Withdrawn.  *Id.* Accordingly, the cash in the Net Settlement Fund is now available for distribution to Authorized Claimants in accordance with the Plan of Allocation.  In accordance with paragraphs 4.11 and 4.12 of the Stipulation, Lead Plaintiff respectfully asks the Court to enter the Class Distribution Order approving the Distribution Plan.

## II.    CLAIMS ADMINISTRATION

### A.    Claims Processing

Pursuant to the Stipulation, the Notice, and the Preliminary Approval Order, all Settlement Class Members wishing to participate in the Settlement Fund were required to submit Claim Forms by mail, postmarked no later than June 6, 2021, or to submit a Claim Form online by that same date.  Segura Dec. ¶8.  As set forth above and in the Segura Declaration, JND reviewed and processed 8,565 Claim Forms submitted by potential Settlement Class Members. *Id.*  JND has now prepared detailed reports listing: (i) all timely valid Claim Forms by Authorized Claimants; (ii) all Claim Forms that were submitted after the claims submission deadline but on or before March 28, 2022 that are otherwise valid; and (iii) rejected Claim Forms with the rejection reasons.  *See id.*

¶¶42-45; Exs. D through F.  All Claims received through March 28, 2022 have been fully processed in accordance with the Settlement Agreement and the Court-approved Plan of Allocation included in the Notice, and JND has worked with Claimants to help them perfect their Claims.  *See generally*, Segura Dec.

### B.   Deficiency Process

JND evaluated and processed all Claim Forms and supporting documentation to determine, among other things, whether each Claimant had purchased or acquired publicly traded common stock of GTT during the Settlement Class Period, and whether the Claims had been submitted by excluded persons. *See* Segura Dec. ¶¶11-29.  JND utilized internal codes to identify and classify any deficiency or ineligibility conditions that existed with any Claim. *See Id*. ¶¶12-21.

Much of JND's efforts in handling the administration involved Claimant communications, so that all Claimants had sufficient opportunity to cure any deficiencies and file a complete Claim. As demonstrated by the Segura Declaration, JND received all submitted Claims and, to the extent that a Claim was deficient, JND notified the Claimant of the deficiency and advised the Claimant on how to cure the deficiency.  Segura Dec. ¶¶23-29.  The "Deficiency Process," which primarily involved mailing a letter (the "Deficiency Notice") to Claimants and subsequently handling and responding to calls, correspondence, and emails from Claimants, was intended to assist Claimants in properly completing their deficient submissions so that Claimants would be eligible to participate in the Settlement.  *See Id.* ¶¶23-24; Ex. A (sample Deficiency Notice).

For Electronic Claims, JND informed E-Claim Filers of deficiencies by sending an email ("Deficiency Email") to the email address included with the respective E-Claim Filers' Claim Form with an attached report containing detailed information associated with the Claims and indicating which of those Claims within the filing were deficient and/or rejected ("Deficiency

Spreadsheet"). Segura Dec. ¶¶26-28; Ex. B (sample Deficiency Email and Deficiency Spreadsheet).

JND also called Claimants with still-deficient Claims to provide them with a final opportunity to cure the deficiencies in their Claims. Segura Dec. ¶¶30-33. JND typically contacted the still-deficient claims prior to their deficiency response due deadline to remind the Claimants/filers of their needed response. *Id.* ¶30. During this calling campaign, JND provided assistance to Claimants where possible, depending on the nature of the deficiency. *Id.* ¶31.

**C.     Disputed Claim**

Consistent with paragraph 4.9(e) of the Settlement Agreement, Claimants or authorized filers were advised of their right to contest the rejection of a Claim and request Court review of the administrative determination of the Claim. *See* Segura Dec. ¶34; Exs. A and B. JND received or was notified of two (2) requests for Court review of its administrative determinations. *Id.* However, after further discussion, one (1) Claimant understood the determination and withdrew their requests for Court review. *Id.* One (1) request for review remains outstanding. *Id.*; Ex. C.

JND recommends that the Court reject this Disputed Claim, because the Claimant provided no documentation or indication of any purchase of GTT common stock during the Settlement Class Period (meaning that the Claimant is not a Settlement Class Member and is not entitled to participate in the Settlement). Segura Dec. ¶34. JND has made multiple phone calls, left voicemails, and sent email correspondences to inform the Claimant that their Claim did not contain any purchases within the Settlement Class Period, and in order to be eligible the Claimant would need to have purchases during the Class Period and submit documentation to support those transactions. *Id.* The Claimant responded to one of JND's inquiries indicating she would have

someone assist her with the paperwork, but JND has not received anything further. *Id.*  Any follow up attempts made by JND went unanswered. *Id.*

Lead Counsel has reviewed the Disputed Claim and agrees with JND's determinations.[2] *See In re Eletrobras Sec. Litig.*, 467 F. Supp. 3d 149, 150 (S.D.N.Y. 2020) ("The administrative determination of the Claims Administrator to reject the Proof of Claim for Disputed Claim Number 1…is hereby approved, and that claim is hereby rejected"); *Fernandez v. Knight Cap. Grp., Inc.*, 2016 WL 7468089, at *1 (D.N.J. June 16, 2016) ("The six (6) Disputed Claims, as set forth in Exhibit B to the Kao Declaration, are REJECTED, as the Disputed Claims did not have a Recognized Loss under the Plan of Allocation").

### D.      Processing of Late but Otherwise Eligible Claims

The Stipulation contemplates that the Court may approve extending the deadline for Settlement Class Members to submit Claims to allow acceptance of additional Claims that are otherwise eligible to participate in the Settlement. *See* Stipulation ¶4.5. This is common in securities class actions.  Segura Dec. ¶35.  In the interest of maximizing Class participation in the Settlement, JND has processed all late Claims received through March 28, 2022 and 122 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"). *Id.* JND has not rejected any Claim received through March 28, 2022 solely based on its late submission, and Lead Counsel and JND believe no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims. *Id.*; *see In re Neustar, Inc. Sec. Litig.*, No. 14-cv-00885, ECF No. 77, at ¶2 (E.D. Va. Dec. 18, 2017) (Hilton, J.) (accepting late but

---

[2] Should the Court wish to afford an extra opportunity for the Disputing Claimant to cure her claims, JND does not recommend delaying distribution to the other Claimants who have perfected their Claims and are awaiting distribution. Given these circumstances and the several opportunities already given, JND's recommendation is to deny this Claim.  However, should this Claim be perfected, it may be subject to payment in accordance with ¶47(f) of the Distribution Plan.

otherwise valid proofs of claim).

However, there must be a final cut-off date after which no more Claims will be accepted so that there may be a proportional allocation of the Net Settlement Fund and the distribution may be accomplished. Segura Dec. ¶36. Accordingly, JND also respectfully requests that this Court order that no Claim received after March 28, 2022 be eligible for payment for any reason whatsoever subject only to the provision of ¶47(f) of the proposed Distribution Plan. *See Neustar*, No. 14-cv-00885, ECF No. 77, at ¶5.

## III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Pursuant to the terms of JND's agreement with Lead Counsel to act as the Claims Administrator for the Settlement, JND was responsible for, among other things, disseminating notice of the Settlement to the Settlement Class, creating and maintaining a website and toll-free telephone helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. *See* Segura Dec. ¶3.

As stated in the Segura Declaration, JND's outstanding fees and expenses for its work performed and to be performed on behalf of the Settlement Class in connection with the initial distribution of the Net Settlement Fund total $106,409.90.[3] Segura Dec. ¶46; Exhibit G. Lead Counsel reviewed JND's invoices and respectfully requests on behalf of Lead Plaintiff that the Court approve JND's outstanding fees and expenses.

## IV.    DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiff also requests that the Court authorize the distribution of the balance of the Settlement Fund—after deduction of the fees and expenses previously awarded and those

---

[3] If the anticipated fees and expenses to conduct the initial distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

requested herein—to the Settlement Class Members whose claims have been accepted. *See* Segura Dec. ¶47; Exs. D and E.  Lead Plaintiff now respectfully moves the Court for an order approving JND's determinations concerning the acceptance and rejection of the Claim Forms that are included in its Motion and approving the Distribution Plan as set forth in the Segura Declaration.

Pursuant to the proposed Distribution Plan, JND will conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting all payments approved by the Court, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees.  Segura Dec. ¶47(a). In the Initial Distribution, JND will calculate award amounts to all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now by calculating their *pro rata* share of the fund in accordance with the Plan of Allocation.  *Id.* ¶47(a)(i). Pursuant to the terms of the Plan of Allocation, JND will eliminate any Authorized Claimant whose award amount calculates to less than $10.00.  *Id.* ¶47(a)(ii).

After eliminating Claimants who would have received less than $10.00, JND will calculate the *pro rata* distribution payments for Authorized Claimants.  Segura Dec. ¶¶47(a)(iii). JND will then prepare checks for the distribution and registers of such distributions. In order to encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS AFTER ISSUE DATE." Segura Dec. ¶47(b). Authorized Claimants who do not deposit their checks within the time allotted or on the conditions stated in the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be redistributed to other Authorized Claimants. *Id.* ¶47(c).

Consistent with the Court-approved Plan of Allocation, after JND has made reasonable and diligent efforts to have Authorized Claimants deposit their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Distribution Plan, but not earlier than nine (9) months after the Initial Distribution, JND will, if Lead Counsel, in consultation with JND, determine that it is cost-effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). Segura Dec. ¶47(d). Any amounts remaining in the Net Settlement Fund after the Initial Distribution (the funds for all void stale-dated checks), after deducting JND fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of the Second Distribution), and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Second Distribution who deposited their Initial Distribution checks and would receive at least $10.00 from the Second Distribution, based on their *pro rata* share of the remaining funds. *Id*.

Redistributions will occur until it is no longer economical to do so. Segura Dec. ¶47(d). Once the balance remaining in the Net Settlement Fund is below the level that could be economically distributed, then such remaining funds will be paid to eligible claims adjusted after March 28, 2022, if any. *See id.* ¶¶47(e)-(f). If any funds then remain, following payment of unpaid fees or expenses incurred in connection with administering the Settlement and after payment of estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, they shall be contributed to the Investor Protection Trust, a non-sectarian, not-for-profit organization dedicated to investor education. *See id*.[4]

---

[4] *See, e.g., Shah v. Zimmer Biomet Holdings, Inc.*, 2020 WL 7392796, at *2 (N.D. Ind. Dec. 14, 2020) (approving IPT as cy pres recipient); *Rihn v. Acadia Pharm. Inc.*, 2018 WL 513448, at *4 (S.D. Cal. Jan. 22, 2018) (same).

The Court-approved Claims Administrator and Lead Counsel submit that the administration of the Settlement and the proposed Distribution Plan comply with the terms of the Settlement Agreement and the Plan of Allocation approved by the Court.

## V.  **RELEASE OF CLAIMS**

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from all claims arising out of that involvement. Accordingly, Lead Plaintiff respectfully requests that the Court enter the Class Distribution Order, which will release and discharge all such claims.

## VI.  **RECORD RETENTION AND DESTRUCTION**

Lead Plaintiff also requests that the Court permit JND to destroy any paper and electronic Claim Forms one year after the Distribution of the Net Settlement Fund is complete.  Segura Dec. ¶47(g); *see also Neustar,* No. 14-cv-00885, ECF No. 77, at ¶8 (permitting destruction of documentation one year after initial distribution of the Net Settlement Fund).

## VII.  **CONCLUSION**

Based on the foregoing reasons, and the Claims Administrator's Declaration submitted herewith, Lead Plaintiff respectfully requests that the Motion be granted.  For the Court's convenience, a proposed Class Distribution Order is accompanying the Motion.

Dated: April 14, 2022                                      Respectfully submitted,

*/s/ Steven J. Toll*
Steven J. Toll

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers (*pro hac vice*)
1100 New York Avenue, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff and the Settlement Class*

**SAXENA WHITE P.A.**
Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

Steven B. Singer
Kyla Grant
Sara DiLeo
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawhite.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2022, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all of the registered participants.

/s/ Steven J. Toll
Steven J. Toll